IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| ARLENA HART, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CAUSE NO.: 2:17-cv-469 |
| ) | |
| HEARTHSIDE FOOD SOLUTIONS, LLC and ) | |
| JAY BELL, individually ) | |
| ) | |
| Defendant. ) | |

## COMPLAINT

NOW COMES the Plaintiff, ARLENA HART, by her attorney, LLOYD P MULLEN of MULLEN & ASSOCIATES, P.C., and complaining against the Defendants, HEARTHSIDE FOOD SOLUTIONS, LLC, (herein known as "Hearthside") and Jay Bell, individually, alleges the following:

### Introduction

1.  This is an action brought against Hearthside Food Solutions, LLC ("Hearthside") pursuant to 42 U.S.C. § 1981 and Title VII of the Civil Rights Act of 1964 (42 U.S.C. § 2000e, *et seq.*) for race discrimination and sex discrimination and against Jay Bell pursuant to 42 U.S.C. § 1981 for race discrimination.

2.  The plaintiff, Arlena Hart ("Hart"), is an African American female who has resided in Michigan City, LaPorte County, Indiana at all times relevant hereto.

3.  The defendant, Jay Bell ("Bell") is a white male residing in Michigan City, Indiana who worked as a supervisor at Hearthside in Michigan City, LaPorte County, Indiana at all times relevant hereto.

4. The defendant, Hearthside is a Delaware limited liability company authorized to and doing business in the State of Indiana and in particular at a facility located at 502 West U.S. Highway 20 in Michigan City, LaPorte County, Indiana.

## Jurisdiction

5. The Court has jurisdiction over the subject matter of this case pursuant to 28 U.S.C. §§ 1331, 1343; 42 U.S.C. § 1981 and 42 U.S.C. §§ 2000e-(5).

## Venue

6. The unlawful employment actions described below were committed in LaPorte County in Indiana in the city of Michigan City, Indiana. The defendant Jay Bell resides in LaPorte County, Indiana and the Defendant Hearthside does business in LaPorte County, Indiana. Venue is proper in the United States District Court for the Northern District of Indiana, Hammond Division, under 28 U.S.C. §1391(b).

## Administration Exhaustion

7. Mrs. Hart was employed by Hearthside in its facility located in Michigan City, Indiana from August 3, 2016 until August 18, 2016. On May 18, 2017, she filed a charge of discrimination on the basis of her race and sex against Hearthside with the EEOC.

8. The EEOC sent a Notice of Charge of Discrimination to Hearthside on May 22, 2017.

9. On September 20, 2017, a Dismissal and Notice of Rights was issued to Plaintiff by the United States Equal Employment Opportunity Commission's Indianapolis

Division Office, Indianapolis, Indiana. The letter was received on September 25, 2017.

## General Allegations

10. Mrs. Hart was employed by Hearthside from August 2, 2016 to August 18, 2016.

11. Mrs. Hart went through orientation on August 2, 2016.

12. Hearthside did not instruct or train Mrs. Hart on how to handle racial or sex discrimination or harassment during her orientation or her employment.

13. Mrs. Hart was not informed of and did not know of any policies regarding harassment or discrimination while she worked at Hearthside.

14. Mrs. Hart was the recipient of racial slurs and sexual innuendos from Manager, Jay Bell on numerous occasions.

15. Mr. Bell was continually making sexual advances to Mrs. Hart and touching Plaintiff inappropriately.

16. Defendant Jay Bell was continually groping and fondling Mrs. Hart.

17. Defendant Jay Bell rubbed himself against her.

18. Mr. Bell touched and brushed up against Mrs. Harts breasts, butt and vagina through her clothes.

19. Mr. Bell constantly talked about her sexy black butt and what he wanted to do to Mrs. Hart.

20. On one occasion, Defendant Bell came up from behind Mrs. Hart and rubbed his hand across her butt and said, "Oh you so damn fine, you a sexy black woman. I know you heard the rumor about me."

21. Bell also said, "I love sexy black women with big black asxxs."

3

22. Defendant Jay Bell told Mrs. Hart that he wanted to lick her from front to back and asked if she had ever been licked like that before.

23. Defendant Jay Bell touched her vagina and butt through her clothing.

24. Defendant Jay Bell talked about what he wanted to do Mrs. Hart and the effects that it was having on his body and asked if it was making her wet or giving her an orgasm.

25. Mrs. Hart was repulsed by Defendant's conduct. Mrs. Hart never encouraged Mr. Bell and made it clear that she was repulsed by the conduct.

26. Jay Bell has been praying upon African American women for years. Other African American woman have experienced harassment from Jay Bell on a number of occasions.

27. Hearthside knew that Defendant Jay Bell preyed upon black women and failed to do anything to prevent it.

28. Hearthside failed to educate and protect its workforce from predators such as Jay Bell.

29. Hearthside failed to educate and protect its workforce from harassment and discrimination based upon race and sex.

30. The race discrimination and sexual harassment and discrimination was so pervasive that it created a hostile work environment and degraded Mrs. Hart to the point of resigning from Hearthside. Mrs. Hart resigned on August 18, 2016.

31. Mrs. Hart was treated disrespectfully and was degraded because of her race, African American, and her sex, female. She was inappropriately fondled by Jay Bell and received numerous unwanted sexual advances from defendant. This was a

degrading and hostile work environment.

### First Cause of Action [For Violations of Title VII of the Civil Rights Act of 1964 (42 U.S.C §§ 20003, *et seq.*)] Against Hearthside

32. Plaintiff incorporates paragraphs 1 through 31 herein by reference.

33. Mrs. Hart has exhausted all administrative filing requirements of 42 U.S.C. §§ 2000e.

33. Mrs. Hart was subjected to unwelcome, offensive and harassing sexual and racial discriminatory conduct during her employment with Defendant Hearthside, which was perpetrated upon her by Jay Bell her Supervisor, and the conduct was based upon and directed at Plaintiff by reason of her gender and her race.

34. Hearthside was aware of Jay Bell's tendency to sexually harass African American women, which has been going on for years.

35. This sexual and racial harassment and discriminatory conduct was sufficiently severe and pervasive so as to unreasonably interfere with Mrs. Hart's physical health, work performance and so as to create an intimidating, hostile and offensive working environment

36. No corrective action was ever taken against Jay Bell for such conduct.

37. Jay Bell's conduct was open and obvious to other employees, both management and non-management.

38. By the foregoing acts Defendant Hearthside violated Title VII by discriminating against Plaintiff and harassing Plaintiff because of her race and gender, and created a hostile work environment in the terms, conditions and privileges of her employment.

39. Mrs. Hart was subjected to regular verbal abuse including the use of derogatory epithets and other humiliating language by Defendant Bell.

40. Defendant Bell's conduct was not welcomed by Plaintiff.

41. Defendant Bell's conduct was motivated by the fact that Plaintiff is female and black.

42. This conduct was so severe or pervasive that a reasonable person in Plaintiffs' position would find Plaintiffs' work environment to be hostile or abusive because of Plaintiffs' race and sex.

43. Plaintiff's work environment was hostile and abusive as a result of Defendant Bell's conduct.

44. Plaintiff is entitled to monetary relief for damages and interest in an amount to be determined at trial.

45. Defendant's actions were made with malice and reckless disregard for Plaintiff's federally protected civil rights.

46. Defendants' conduct made plaintiff nervous and sick and kept her up at night.

47. Plaintiff suffered deep humiliation and pain because of defendants' conduct.

### Prayer for Relief

WHEREFORE, Plaintiff prays for the following relief:

a. Backpay;

b. Front pay in lieu of reinstatement;

c. Nonpecuniary and compensatory damages, including damages for

6

        humiliation, emotion distress and consequential damages;

d.     Punitive damages;

e.     Pre- and post-judgment interest at the highest rate allowed by law;

f.     Costs and reasonable attorney's fees; and

g.     All other legal or equitable relief to which Plaintiff is entitled.

### Second Cause of Action [For Violations 42 U.S.C. §1981 Against Hearthside and Jay Bell

48.     Plaintiff incorporates paragraphs 1 through 47 herein by reference.

49.     By the foregoing acts Defendant Hearthside and Defendant Bell violated 42 U.S.C. § 1981 by discriminating against Plaintiff and harassing Plaintiff because of her race and created a hostile work environment in the terms, conditions and privileges of her employment.

### Prayer for Relief

WHEREFORE, Plaintiff prays for the following relief:

h.     Backpay;

i.     Front pay in lieu of reinstatement;

j.     Nonpecuniary and compensatory damages, including damages for humiliation, emotion distress and consequential damages;

k.     Punitive damages;

l.     Pre- and post-judgment interest at the highest rate allowed by law;

m.     Costs and reasonable attorney's fees; and

n.     All other legal or equitable relief to which Plaintiff is entitled.

Respectfully submitted,

MULLEN & ASSOCIATES, P.C.

_____
Lloyd P. Mullen, #14915-19
Attorney for Plaintiff
113 West Joliet Street
Crown Point, IN 46307
(219) 661-1529

## Jury Demand

Plaintiff requests this matter be tried by a jury.

_____
Lloyd P. Mullen, #14915-49

8